**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-03122-MSK-CBS

**RETIRED MAJOR IVAN M. BREWER,**

      Plaintiff,

v.

**MARK N. TSCHETTER;
HIGHLINE HOLDINGS, LLC;
JUDGE MARY CELESTE, in her personal and official capacity;
BILL HEANEY, in his personal and official capacity;
OFFICER CHRIS MOLLOY, in his personal and official capacity, and
JUDGE LARRY BOHNING,**

      Defendants.

___

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS**
___

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Emergency Motion for Temporary Restraining Order **(# 4)**, and Defendants Highline Holdings, LLC ("Highline") and Tschetter's response **(# 8)**; Highline and Mr. Tschetter's Motion to Dismiss **(# 6)**, to which Mr. Brewer filed no response; and Defendants Celeste, Bohning, Heaney, and Molloy's Motion to Dismiss **(# 9)**, to which Mr. Brewer filed no response.

## FACTS

Mr. Brewer's *pro se* Amended Complaint **(# 5)** is lengthy, discursive, and somewhat unfocused. In summary, Mr. Brewer states that he is the owner of a parcel of real property located on Madison Street in Denver, Colorado. On November 4, 2011, on behalf of Highline, Mr. Tscehetter  commenced a forcible entry and detainer action in the Colorado County Court

1

for Denver County, to evict Mr. Brewer from the Madison Street property.  On November 14, 2011, Mr. Brewer sought to have the case transferred to the Colorado District Court for Denver County, on the belief that "the limitations of the state County Court precluded the resolution of a dispute related to title to land."  Over the next several days, Mr. Brewer repeatedly visited the Clerk's Office for the County Court, inquiring whether the case had been transferred.  Eventually, Defendant Heaney, the Clerk of the County Court, told Mr. Brewer that the case would not be transferred.  Mr. Brewer apparently insisted that Mr. Heaney transfer the case, and eventually, Mr. Heaney summoned a Sheriff's Office deputy, Defendant Molloy, to remove Mr. Brewer.  Thereafter, Defendant Celeste, the County Court judge assigned to preside over the case, set the matter for a hearing on December 7, 2011.  (The Amended Complaint's chronology ends at this point and nothing in the record discloses the outcome of proceedings in the case.)

Based on these allegations, Mr. Brewer alleges several claims: (i) race discrimination under 42 U.S.C. § 1981, apparently asserted against all Defendants, based mainly on the premise that Colorado law requires transfer of the case to the District Court in the circumstances presented here, and the Defendants' failure to do so is attributable to Mr. Brewer's race (black); (ii) a claim captioned "Obstruction section 1503," but which appears to invoke the civil remedies provision of the RICO Act, 18 U.S.C. § 1964, alleging that "an enterprise was formed" when the Defendants refused to transfer the case; (iii) a claim, apparently under Colorado common law, for civil conspiracy, in that the defendants "are all either members of or beholden to . . . a secret society dedicated to holding out the appearance of impropriety while abusing their authority and violating their respective oaths" in order to hinder Mr. Brewer's "free exercise of privileges and rights preserved under the U.S. Constitution"; (iv) a claim under 42 U.S.C. § 1985, in that the

Defendants conspired to "accomplish the unlawful objective of permanently dispossessing the Plaintiff of his real property"; (v) a claim under 42 U.S.C. § 1986, in that "each one of the Defendants failed in their respective duties to prevent or aid in the prevention of the violations against the Plaintiff"; and (vi) a claim under 42 U.S.C. § 1983, apparently asserting the same race discrimination claim alleged under § 1981.

Each of the Defendants moves **(# 6, 9)** moves to dismiss the claims against them, offering various arguments. As explained below, it is unnecessary for the Court to address these arguments in detail.

## ANALYSIS

### A. Standard of review

#### 1. *Pro se* pleadings

In considering Mr. Brewer's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Brewer of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

#### 2. Pleading requirements

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified what constitutes a "well-pleaded fact" for purposes of a Rule 12 analysis. A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949. The cases make clear that it is **facts**, not conclusions, that must be pled; "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including "legal conclusion[s] couched as a factual allegation." *Id.* at 1949-50. Moreover, the facts pled must demonstrate a claim that is more than just an abstract "possibility" that the defendant has engaged in actionable misconduct. *Id.* One way in which the Court might conduct its analysis is to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and disregard them. Then, faced with only well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**B. The Amended Complaint fails to state a plausible claim**

The Court turns to the question of whether, under *Iqbal*'s "plausibility" standard, Mr. Brewer states a cognizable claim. As in *Iqbal*, the Court begins by identifying certain key allegations in the Amended Complaint that were not entitled to the assumption of truth. 556 U.S.

4

at 680. All of Mr. Brewer's federal claims require either a showing that the Defendants engaged in racial discrimination (the § 1981 and 1983 claims) or that the Defendants engaged in a conspiracy against him (the RICO, § 1985, and § 1986 claims). The Court finds that Mr. Brewer's allegations as to these issues are insufficiently conclusory. The contention of racial animus are supported by nothing more than the fact that the Defendants are white and Mr. Brewer is black. This is insufficient to raise the specter of racial discrimination from a "possibility" to a "plausibility" under *Iqbal*. 556 U.S. at 678 ("the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). The allegations of a conspiracy among the Defendants is also entirely conclusory: Mr. Brewer offers no allegations that if true would suggest that any of the Defendants knew of, much less intended to join in, any of the other Defendants' actions.[1] Thus, the Court finds that Mr. Brewer has not adequately pled facts demonstrating the central component of his federal claims.

Even assuming he had, however, the Court would nevertheless dismiss Mr. Brewer's federal claims for a different reason. In essence, Mr. Brewer complains that the County Court's refusal to transfer his case to the state District Court is a violation of Colorado law, and asks this federal court to intercede. The doctrine of comity counsels that federal courts, "anxious though [they] may be to vindicate and protect federal rights and federal interests, always endeavor[ ] to do so in ways that will not unduly interfere with the legitimate activities of the States." *Levin v.*

---

[1] Mr. Brewer does allege that, when Mr. Heaney summoned Mr. Molloy to remove Mr. Brewer from the Clerk's Office, Mr. Brewer read the text of the relevant County Court transfer rules to Mr. Molloy. However, as Mr. Brewer states, Mr. Molloy is a Sheriff's Deputy, not a member of the Clerk's Office, and thus, there is no indication that Mr. Molloy had the ability to overturn Mr. Heaney's decision not to transfer the case.

*Commerce Energy, Inc.*, 130 S.Ct. 2323, 2336 (2010).  Although comity is a prudential doctrine, it is particularly appropriate here, as the State of Colorado has a strong interest in controlling how its own courts apply its own law, and this Court has relatively little interest in invoking federal power to dictate interpretations of state law to state courts.  This is not a situation in which Mr. Brewer has no other option except to proceed via a federal suit.  Assuming the County Court case is still ongoing,[2] Mr. Brewer presumably possesses a wide array of options as to how to proceed in the face of a court that, he contends, is acting outside of its authority: he may appeal, seek mandamus from an appropriate higher court, may file his own declaratory action in the District Court, or take any one of a number of other actions to address the situation.  Thus, without minimizing the importance of various federal civil rights statutes as tools to remedy unconstitutional state action, this Court would nevertheless find that, under the facts alleged by Mr. Brewer, the doctrine of comity prevents this Court from interceding in the County Court action by hearing Mr. Brewer's claims.

Accordingly, the Court dismisses all of Mr. Brewer's federal claims under Fed. R. Civ. P. 12(b)(6).  Because the Court dismisses Mr. Brewer's federal claims, it declines to exercise supplemental jurisdiction over the state-law civil conspiracy claim.  28 U.S.C. § 1367(c)(3).  Thus, the Amended Complaint is dismissed in its entirety.

### C. Remaining matters

The Court notes that on January 10, 2012, Mr. Brewer moved **(# 10)** for an extension of time to respond to the Defendants' motions.  Mr. Brewer noted that he had been "evicted from

---

[2]Assuming the County Court case has reached its conclusion (as it appears to have done), Mr. Brewer also faces an obstacle in the form of the *Rooker-Feldman* doctrine.

his home yesterday and has not secured another place to live." Since that time, mailings from the Court to Mr. Brewer's address of record have been returned as undeliverable **(# 12, 17, 18)**. More than eight months have passed since Mr. Brewer's last communication with the Court, and to date, he has not supplied the Court with any updated mailing address. This constitutes a violation of D.C. Colo. L. Civ. R. 10.1(M), which requires parties to notify the Court of any change of address within 5 days.

The Court further notes that, at about the same time Mr. Brewer commenced the instant action, he filed another case in this Court, *Brewer v. RBC Bank USA*, D.C. Colo. Case No. 11-cv-2830. On April 12, 2012, the Magistrate Judge presiding in that case noted Mr. Brewer's failure to inform the Court of a change in his address and ordered Mr. Brewer to show cause why the case should not be dismissed. *Id.*, docket # 30. Mr. Brewer did not respond to that order, leading the Magistrate Judge to recommend that Mr. Brewer's case be dismissed. *Id.*, docket # 32. Mr. Brewer did not respond to the recommendation, and on June 18, 2012, the Court adopted the recommendation and dismissed Mr. Brewer's case. *Id.*, docket # 35.

In light of the proceedings in that case, this Court sees little salutary benefit to repeating the same order to show cause/recommendation/adoption and dismissal process based on his failure to provide the Court with a current mailing address in this action. Mr. Brewer has had adequate notice of his failure to comply with the Court's local rules, regardless of the caption of the case in which that notice was issued, and his failure to remedy that noncompliance in either case warrants dismissal of both. Accordingly, as an alternative to the grounds stated above, this Court also dismisses Mr. Brewer's Amended Complaint in this action for failure to comply with Local Rule 10.1(M).

Mr. Brewer had previously filed an Emergency Motion for Temporary Restraining Order **(# 4)** in this case. Based on the Court's dismissal of this action in its entirety, that motion is denied as moot.

### **CONCLUSION**

For the foregoing reasons, Mr. Brewer's Motion for Temporary Restraining Order **(# 4)** is **DENIED AS MOOT**. The Defendants' motions to dismiss **(# 6, 9)** are **GRANTED**, and the claims in this action are **DISMISSED** in their entirety. The Clerk of the Court is directed to close this case.

Dated this 18th day of August, 2012

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge